Andrew D. Huppert, Esq.
andrew@carey-law.com
CAREY LAW FIRM, P.C.
225 W. Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011

-- *Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| HERBERT J. MASON, | Cause No. 9:19-cv-00162-DLC-KLD |
| Plaintiff, | |
| v. | |
| PROFESSIONAL TRANSPORTATION, INC., an Indiana Corporation, | **JOINT PROPOSED JURY INSTRUCTIONS** |
| Defendant. | |

The parties, through their respective counsel of record, provide the Court with the following Joint Proposed Jury Instructions.

DATED this 22nd day of October, 2020.

/s/ Andrew D. Huppert
Andrew D. Huppert
CAREY LAW FIRM, P.C.
225 W. Broadway • P.O. Box 8659
Missoula, MT 59807-8659
Telephone: (406) 728-0011
-- *Attorneys for Plaintiff*

**INSTRUCTION NO. _____**

You have been sworn as the jury to try this case. As such, your primary duty is to decide the disputed issues of fact. I will decide the questions of law that arise during the course of the trial, and, after you have received all of the evidence, I will give you, orally and in writing, instructions on the law that you are bound to follow and apply in reaching your verdict.

It is, then, your duty to hear and see clearly all of the evidence presented to you in this courtroom – and nowhere else; to sift, measure and balance that evidence carefully; to conclude from the evidence what the true facts are; to apply the law as given to you – and only that law – to the facts you have found, and thereby reach a just verdict.

It is my duty to conduct the trial in an orderly, fair and efficient manner to the end that the interests of all parties can be heard and considered by you.

Let me explain briefly the general order of procedure in the trial from this point forward.

First, plaintiff's counsel will make an opening statement outlining the plaintiff's case. Counsel for the defendant may then make an opening statement or reserve it until the close of the plaintiff's case. These opening statements are intended to assist you in understanding the viewpoints of the parties. Statements of counsel are not evidence.

Following the opening statements, evidence will be presented. Because the plaintiff has the burden of proof, the plaintiff's case is presented first. This is sometimes referred to as the plaintiff's "case in chief." Counsel for the defendant has a right to cross-examine the plaintiff's witnesses. Following the plaintiff's presentation, the defendant has the opportunity to present evidence and plaintiff's counsel may cross-examine. After the defendant's case is presented, both sides may present rebuttal evidence.

After all the evidence has been presented, I will determine the applicable law after considering the views of counsel. This is called "settling instructions." We will then go back into session and the instructions will be read to you.

Following the reading of instructions, counsel may argue their cases. You are again reminded that the statements of the attorneys in closing arguments, as in opening statements, are not evidence but are intended only to assist you in evaluating the evidence and understanding the theory of the parties.

When the attorneys have completed their closing arguments you will go to the jury room to deliberate and reach a verdict. You will take with you the exhibits that have been received into evidence and a copy of the instructions that have been read to you.

When you have reached a verdict you will return to the courtroom and announce your decision.

Given: _____
                          Kathleen L. DeSoto, Magistrate Judge
                          United States District Court

Proposed Stipulated Jury Instruction No. 1

Disposition:       G _____ R _____ W

MPI2d 1.01       General – Function of Judge and Jury

**INSTRUCTION NO. _____**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave at night, leave your notes in the jury room.

If you do not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

Given: _____
                     Kathleen L. DeSoto, Magistrate Judge
                     United States District Court

Proposed Stipulated Jury Instruction No. 2

<u>Source</u>:           Ninth Circuit Model Jury Instruction 1.12 (1985)

<u>Disposition</u>:     G _____ R _____ W

MPI2d 1.07      General – Note Taking Allowed

**INSTRUCTION NO. _____**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers have agreed.


Given: _____
                              Kathleen L. DeSoto, Magistrate Judge
                              United States District Court



Proposed Stipulated Jury Instruction No. 3

<u>Disposition</u>:      G _____ R _____ W

Ninth Circuit 1.6   What Is Evidence

## INSTRUCTION NO. _____

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statement and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I will instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.


Given: _____

Kathleen L. DeSoto, Magistrate Judge
United States District Court

Proposed Stipulated Jury Instruction No. 4

<u>Disposition</u>:        G _____ R _____ W

Ninth Circuit 1.7   What Is Not Evidence

**INSTRUCTION NO. _____**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Given: _____
Kathleen L. DeSoto, Magistrate Judge
United States District Court

Proposed Stipulated Jury Instruction No. 5

Disposition:          G _____ R _____ W

Ninth Circuit 1.9   Direct and Circumstantial Evidence

**INSTRUCTION NO. _____**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Given: _____

Kathleen L. DeSoto, Magistrate Judge
United States District Court

Proposed Stipulated Jury Instruction No. 6

Disposition:        G _____ R _____ W

Ninth Circuit 1.11  Credibility of Witnesses

## INSTRUCTION NO. _____

During the course of the trial you have heard reference made to the word "interrogatory." An interrogatory is a written question asked by one party of another, who must answer it under oath in writing. You are to consider interrogatories and the answers thereto the same as if the questions had been asked and answered here in court.

Given: _____
                               Kathleen L. DeSoto, Magistrate Judge
                               United States District Court

Proposed Stipulated Jury Instruction No. 7

Disposition:          G _____ R _____ W

MPI2d 1.09         General – Interrogatories

**INSTRUCTION NO. _____**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Given: _____
Kathleen L. DeSoto, Magistrate Judge
United States District Court

Proposed Stipulated Jury Instruction No. 8

Disposition:        G _____ R _____ W

Ninth Circuit 1.1C Duty of Jury

**INSTRUCTION NO. _____**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Given: _____
Kathleen L. DeSoto, Magistrate Judge
United States District Court

Proposed Stipulated Jury Instruction No. 9

Disposition:        G _____ R _____ W

Ninth Circuit 3.1    Duty to Deliberate

**INSTRUCTION NO. _____**

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Given: _____
                        Kathleen L. DeSoto, Magistrate Judge
                        United States District Court

Proposed Stipulated Jury Instruction No. 10

<u>Disposition</u>:      G _____ R _____ W

Ninth Circuit 3.2   Communications with Court

**INSTRUCTION NO. _____**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Given: _____
Kathleen L. DeSoto, Magistrate Judge
United States District Court

Proposed Stipulated Jury Instruction No. 11

Disposition: G _____ R _____ W

Ninth Circuit 3.3 Return of Verdict

**INSTRUCTION NO. _____**

During the course of this trial you have been admonished not to discuss this case among yourselves or with anyone else. Your verdict having been received, you are now free to discuss anything connected with this trial, including your deliberations, with anyone you choose. You are not, however, bound or required to discuss these matters with anyone. You are entitled to refrain entirely from any such discussion, and if any attempt is made to force you, by word or deed, to talk about these matters you may call upon the Court to enforce your right to refuse to talk about them.

Given: _____
                          Kathleen L. DeSoto, Magistrate Judge
                          United States District Court

Proposed Stipulated Jury Instruction No. 12

Disposition:          G _____ R _____ W

MPI2d 1.25          General – Release of Jury

**INSTRUCTION NO. _____**

"Good cause" means reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer's operation, or other legitimate business reason.

A "legitimate business reason" is a reason that is not false, whimsical, arbitrary, or capricious and one that must have some logical relationship to the needs of the business.

Given: _____

Kathleen L. DeSoto, Magistrate Judge
United States District Court

Source:          Section 39-2-903(5), MCA; *Moe v. Butte-Silver Bow County*, 2016 MT 103, ¶ 49, 371 P.3d 415.

Proposed by:     Proposed Stipulated Jury Instruction No. 13

Disposition:     G _____ R _____ W _____