IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| HERBERT J. MASON,<br><br>                Plaintiff,<br><br>vs.<br><br>PROFESSIONAL TRANSPORTATION, INC., an Indiana Corporation,<br><br>                Defendant. | CV 19-162-M-KLD<br><br>ORDER |

      Defendant Professional Transportation, Inc. has filed a Motion in Limine seeking certain evidentiary rulings in anticipation of trial. (Doc. 40).

      "A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Croy v. Ravalli County*, 2020 WL 6111098 at *1 (D. Mont. Oct. 16, 2020) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)). Courts have "wide discretion" in considering and ruling on motions in limine. *Tritchler v. Co. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004). For evidence to be excluded on a motion in limine, the evidence must be

1

"inadmissible on all potential grounds." *Frost v. BNSF Railway Co.*, 218 F.Supp.3d 1122, 1133 (D. Mont. 2016). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *BNSF Ry. V. Quad City Testing Laboratory, Inc.,* 2010 WL 4337827 at *1 (D. Mont. 2010). This is because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Curlin v. Seaboard Foods, LLC.*, 2015 WL 791290 * 1 (D. Mont. Feb. 25, 2015) (quoting *Quad City Testing*, 2010 WL 4337827 at *1). "[A] district court may change an in limine ruling at trial if facts or circumstances arise to warrant the change." *Croy,* 2020 WL 6111098 at * 1 (quoting *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017)).

Here, Professional Transportation moves in limine to exclude five categories of evidence:

(1) *Evidence of claims or grievances of employees other than Mason*

Professional Transportation anticipates that Mason will attempt to present the testimony of former co-workers or other employees to air their personal, subjective complaints about Professional Transportation. Professional Transportation argues any such testimony would constitute impermissible

character evidence under Federal Rule of Evidence 404(b), is irrelevant under 402, and any potential relevance is substantially outweighed by the danger of unfair prejudice, confusion of issues and misleading the jury under Rule 403. Mason agrees with the general proposition that Professional Transportation's former employees are not permitted to air their own personal grievances, but argues they should be allowed to testify to their personal knowledge of Professional Transportation's operations and Mason's job performance. Mason asks the Court to defer ruling on this motion until trial. The Court agrees that ruling on the admissibility of specific testimony by any former employee of Professional Transportation should be addressed at trial, when the evidence can be considered in its appropriate context. Accordingly, ruling on this motion is DEFERRED until the time of trial.

    (2)    *Testimony of co-workers' opinions of Mason's job performance.*

Professional Transportation moves to exclude any testimony of co-workers without supervisory authority over Mason from testifying regarding their perception of his job performance on the ground that such testimony is irrelevant and prejudicial under Rules 402 and 403, and barred by Rule 602, which requires that testimony be based on personal knowledge. Because the admissibility of this evidence depends on a variety of factors, including the substance of the testimony

itself and context in which it is offered, ruling on this motion is DEFERRED until the time of trial.

    (3)    *Evidence of Professional Transportation's financial condition.*

Professional Transportation argues that if Mason cannot maintain a claim for punitive damages, then evidence of its financial condition should be excluded. Assuming Mason's punitive damages claim were to survive summary judgment, Professional Transportation argues Mason should be precluded from presenting evidence of its financial condition unless and until there has been a predicate finding of liability. Mason agrees that evidence of Professional Transportation's financial condition is not relevant unless his punitive damage claim goes to the jury. Because the Court dismissed Mason's punitive damage claim on summary judgment, Professional Transportation's motion to exclude evidence of its financial condition is GRANTED.

Additionally, Professional Transportation argues Mason should be precluded from referring to the parties as "David and Goliath" or making similar arguments on the basis that those argument would be prejudicial under Rule 403. Mason agrees that he will not make any "David and Goliath" arguments and does not object to this aspect of Professional Transportation's motion, which is GRANTED.

    (4)    *Golden Rule arguments*.

Professional Transportation moves to preclude Golden Rule arguments in which counsel ask the jurors to reach a verdict by imagining themselves or someone they care about in the place of the injured plaintiff. Mason agrees there will be no Golden Rule argument and does not object to this motion, which is GRANTED.

(5) *Testimony of Mason's own opinion of his job performance.*

Professional Transportation moves to preclude Mason from providing his own opinion of his job performance on the ground that, "regarding his retaliation claim," such testimony is not relevant. It is unclear whether this motion is limited to Mason's retaliation claim, which has been dismissed on summary judgment. In addition, as Mason notes in response, Professional Transportation does not provide any examples of the type of testimony it seeks to exclude. Because the admissibility of this evidence depends on a variety of factors, including the substance of the testimony itself and context in which it is offered, ruling on this motion is DEFERRED until the time of trial.

IT IS SO ORDERED.

DATED this 1st day of December, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge